UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RENA YVONNE REDDING BENFORD | ) | |
| *A.K.A.* Rena Y. Benford | ) ) ) | |
| v. | ) ) | 1:12-cv-305\1:98-cr-77 *Judge Mattice* |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM**

Federal prisoner Rena Yvonne Redding Benford ("Benford") filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 on July 3, 2003. *See Benford v. United States,* Civil Case Number 1:03-cv-248 (Court Doc. 1). The Court denied relief on November 1, 2005, finding Benford's motion was time-barred by the one year statute of limitation applicable to § 2255 motions. *See Benford v. United States*, Civil Action No. 1:03-cv-248 (Court Doc. 11). Benford has now attempted to file a second § 2255 motion attacking the same conviction (Criminal Doc. 1170).[1] Benford, however, did not file an original § 2255 motion with the Court. Rather, the Clerk's office opened this § 2255 case after receiving a copy of the § 2255 motion from the Office of the United States Attorney. Consequently, because Benford failed to file an original § 2255 motion with an original signature, her pleading is defective.

---

[1] Unlike in 2003 when Benford filed her original § 2255 motion, pleadings filed in § 2255 proceedings are now filed in the criminal case. Therefore, each document pertaining to the instant § 2255 proceeding will be identified by the Court File Number assigned to it in the underlying criminal case.

Aside from the fact that Benford did not properly file the instant § 2255 motion with the Court and failed to file the original pleading, she failed to first file a motion in the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244, requesting an order authorizing the district court to consider a second or successive § 2255 motion to vacate, set aside or correct sentence.

In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," effective April 24, 1996, Benford cannot file a second or successive § 2255 motion in the District Court until she has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the District Court to consider the motion. This Court has not received an order from the Sixth Circuit authorizing it to consider the pending motion.

Because Benford has previously filed a § 2255 motion attacking this conviction and failed to obtain authorization from the Sixth Circuit for the Court to entertain a second § 2255 motion, there is no need to require her to submit an original § 2255 motion with her original signature. Accordingly, the pleading will be dismissed for lack of jurisdiction because Benford failed to obtain permission from the Sixth Circuit for a second or successive § 2255 action, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255, and the Clerk will be **DIRECTED** to close this case (Criminal Doc. 1170).

SO ORDERED.

ENTER.

                                             */s/ Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE